UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA ELLIS, JAMES SCHILLINGER, and RONALD LAZAR, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, N.A., and CHASE HOME FINANCE LLC,<br><br>Defendants. | Case No.: 12-cv-03897-YGR<br><br>**ORDER TO SHOW CAUSE REGARDING PLAINTIFFS'** ***EX PARTE*** **APPLICATION** |

Plaintiffs have filed an *Ex Parte* Application for Leave to File Supplemental Request for Judicial Notice in Opposition to Chase Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(1).  (Dkt. No. 25.)  In filing this *Ex Parte* Application, Plaintiffs have violated several Local Rules.

Civ. L.R. 7-3(d) explicitly states that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," with certain exceptions.  The only permitted filings are (1) an objection to reply evidence and (2) a statement of recent decision.  Plaintiffs' *Ex Parte* Application falls into neither category.  Even if the Court were to construe the application as a statement of recent decision, Civ. L.R. 7-3(d)(2) explicitly prohibits the inclusion of further argument on the fully-briefed motion.  Indeed, the Court has already stricken Plaintiffs' brief at Dkt. No. 20 because counsel provided additional argument in violation of the Local Rules.  The Court informed

counsel at the November 6, 2012 hearing that such additional argument is not appropriate under the rules.

Civ. L.R. 7-10 (regarding *Ex Parte* Motions) further provides that an *ex parte* motion may be filed "only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." Plaintiffs have failed to identify any statute, federal rule, local rule, or standing order that authorizes their *Ex Parte* Application or the additional argument contained therein.[1]

Plaintiffs' counsel, Roland Tellis, is hereby **ORDERED TO SHOW CAUSE** why he should not be sanctioned for failure to follow the Local Rules as discussed herein and the explicit statement of the Court at the November 6, 2012 hearing.

A hearing on this Order to Show Cause shall be held on Friday, May 3, 2013 on the Court's 9:01 a.m. calendar. Counsel must file a written response to this Order to Show Cause no later than April 22, 2013 explaining counsel's failure to comply with the above rules, as well as certifying that he has personally read and understands the Civil Local Rules regarding Motion Practice. Plaintiffs' counsel must personally appear at the hearing. If the Court is satisfied with Plaintiffs' counsel's written response, it will consider taking the Order to Show Cause hearing off calendar.

**IT IS SO ORDERED.**

Dated: April 19, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] To the extent that Plaintiffs imply that Civ. L-R 7-3(d) authorizes the filing, that argument fails for the reasons stated above. Plaintiffs also imply that Civ. L.R. 7-1(a)(3) authorizes parties to file written requests to the Court by *ex parte* motion. This rule, however, explicitly states that *ex parte* motions are only permitted "when authorized" in the first instance.