AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Diana Ellis et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:12-cv-03897-YGR |
| J.P. Morgan Chase & Co. et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nations Valuations Services, Inc.
10509 Visa Sorrento Parkway, STE 112, San Diego, CA 92121
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Nations Valuations Services, Inc.<br>10509 Visa Sorrento Parkway, STE 112, San Diego, CA 92121 | Date and Time:<br>01/06/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2013

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, who issues or requests this subpoena, are:

Andrew Cvitanovic, 8397 Hwy. 23 STE 100, Belle Chasse, La 70037, acvitanovic@cossichlaw.com, (504) 394-9000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:12-cv-03897-YGR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

### Instructions

1. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

2. The documents to be produced in response to this subpoena specifically embrace, in addition to documents within your possession custody, or control, documents within the possession, custody, or control of any of your agents, accountants, representatives or attorneys. Such documents also embrace originals and identical copies (whether different from the original because of notes made thereon) or otherwise of the documents described in these requests.

3. All documents produced as a result of this subpoena should be produced through File Transfer Portal, or in the alternative, at your election, you may produce by mailing digital copies to the attorney's address on the subpoena.

4. All files should be transmitted via FTP Client.
   a. You will need an FTP Client for this method of connection. The Filezilla client (available for free) works well with FTP: get it at http://filezilla-project.org/download.php.
   b. Once you have an FTP client, configure your client for the following:
      i. Host: ediscovery.cossichlaw.com
      ii. Enter your username and password
      iii. Select "Quick Connect"

### Definitions

5. The terms "YOU" and "YOUR" mean any business doing business as **Nations Valuations Services, Inc.**, individually, and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, parent companies, sister companies, and their respective officers, directors, employees, partners,

representatives, agents, subcontractors or other persons occupying similar functions who have acted or presently act on **Nations Valuations Services, Inc.**'s behalf.

6. The entity "CHASE" means J.P. Morgan Chase & Co., individually, and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, parent companies, and their respective officers, directors, employees, partners, representatives, agents, or other persons occupying similar functions who have acted or presently act on J.P. Morgan Chase & Co.'s behalf. This definition specifically includes JP Morgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC.

7. The words "DOCUMENT" or "DOCUMENTS" mean any form of communication or representation including letters, words, pictures, sounds, symbols or accommodations thereof, recorded upon any tangible thing by means of photographing, magnetic recording or tape, or any other means. The term includes, without limitation, letters, memoranda, personal notes, desk or pocket calculations, diaries, expense account statements, books of account, studies, brochures, manuals, worksheets, reports, telex messages, teletype messages, telegraph cables, contracts, written agreements, bank drafts, advices or any other copies thereof whether electronically stored or otherwise.

8. The terms phrase "RELEVANT TIME PERIOD" means the period from 2001 to the present.

9. The phrase "EXEMPLARY SAMPLING" shall mean a randomized compilation of twenty-five (25) selected from the entire range of the RELEVANT TIME PERIOD.

## MATERIAL TO BE PRODUCED

1. All contracts and agreements with CHASE during the RELEVANT TIME PERIOD.

2. All contracts, agreements and/or DOCUMENTS with CHASE that reflect the amount that was paid to YOU for default-related services, including Broker's Price Opinions, Property Inspections and/or Appraisals, during the RELEVANT TIME PERIOD.

3. All term sheets, price lists, or similar documents that reflect the amount that YOU charged to CHASE for default related services, including Broker's Price Opinions, Property Inspections and/or Appraisals, during the RELEVANT TIME PERIOD.

4. All DOCUMENTS prepared by YOU or on YOUR behalf for the specific purpose of analyzing and/or determining the market rates (if any) for default related services, including, Broker's Price Opinions, Property Inspections, and/or Appraisals, during the RELEVANT TIME PERIOD.
5. Copies of an EXEMPLARY SAMPLING of all Broker's Price Opinions, along with their associated invoices, performed on behalf of CHASE during the RELEVANT TIME PERIOD.
6. Copies of an EXEMPLARY SAMPLING of all Property Inspections, along with their associated invoices, performed on behalf of CHASE during the RELEVANT TIME PERIOD.
7. Copies of an EXEMPLARY SAMPLING of all Appraisals, along with their associated invoices, performed on behalf of CHASE during the RELEVANT TIME PERIOD.
8. An EXEMPLARY SAMPLING of all default related services, exclusive of the types produced in response to Request Number 5 and 6 and 7, along with their associated invoices, performed on behalf of CHASE during the RELEVANT TIME PERIOD.
9. YOUR guidelines for the performance of all default-related services, including Broker's Price Opinions, Property Inspections, and/or Appraisals applicable during the RELEVANT TIME PERIOD.
10. Copies of DOCUMENTS describing or relating to the manner in which Broker's Price Opinions, Property Inspections, and/or Appraisals are transmitted, conveyed, or submitted to CHASE.
11. Copies of DOCUMENTS which reflect the number of Broker's Price Opinions, Property Inspections, and/or Appraisals YOU performed at the request of or on behalf of CHASE during the RELEVANT TIME PERIOD.
12. Copies of all correspondence between YOU and CHASE discussing and/or determining the rates for default related services, including, Broker's Price Opinions, Property Inspections, and/or Appraisals during the RELEVANT TIME PERIOD.
13. Copies of all correspondence between YOU and CHASE negotiating any and all agreements for default related services, during the RELEVANT TIME PERIOD.
14. Copies of any and all DOCUMENTS evidencing discounts, rebates, reductions, credits or other consideration given to CHASE during the RELEVANT TIME PERIOD for

bonuses, volume discounts, rebates, service level agreements and/or performance based penalties by YOU.