1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA ELLIS, JAMES SCHILLINGER, and RONALD LAZAR, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiffs,<br>    vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation, J.P. MORGAN CHASE BANK, N.A., a national association, and CHASE HOME FINANCE LLC, a Delaware limited liability company,<br><br>        Defendants. | Case Number: 4:12-cv-03897-YGR<br>**CLASS ACTION**<br><br>[**PROPOSED**] **ORDER RE: THIRD PARTY VENDOR SUBPOENAS SERVED BY PLAINTIFFS**<br><br>Judge:        Yvonne Gonzalez Rogers<br>Action Filed: July 24, 2012<br>Trial Date:   None Set |

On January 24, 2014, at 3:30 pm, this Court held a telephonic hearing on the Parties' Joint Letter Brief dated January 14, 2014 (Dkt. 69) (the "Joint Letter Brief") submitted by Plaintiffs Diana Ellis, James Schillinger, and Ronald Lazar ("Plaintiffs") and Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. ("Defendants"; collectively, the "Parties") pursuant to Rule 8.b of this Court's Standing Order in Civil Cases. The Joint Letter Brief addressed discovery disputes regarding the 26 subpoenas served by Plaintiffs during the weeks of December 9 and 16, 2013 on third party vendors ("Subpoenaed Third Parties"). Daniel Alberstone and Roland Tellis of Baron & Budd, P.C., and David Parsiola and Andrew Cvitanovic of Cossich, Sumich, Parsiola & Taylor LLC and Charles Colvin of Kingsmill Riess, LLC, appeared on behalf of Plaintiffs. Peter Obstler and Jee Young You of Arnold & Porter, LLP appeared on behalf of Defendants. Also on the call was Rebecca Snavely Saelao of Severson & Werson on behalf of Wells Fargo & Company and Wells Fargo Bank, N.A., defendants ("Wells Fargo Defendants") in the related *Bias et al. v. Wells Fargo & Company et al.* (N.D. Cal. Case No. 4:12-cv-00664-YGR) action.[1]

After reviewing the Joint Letter Brief, as well as "Exhibit A" to the subpoena served on one of Chase's vendors that was attached to Defendants' separate letter of that same date (Dkt. 70), and which is identical to the subpoenas served by Plaintiffs in this action as well as the *Bias* matter, and considering the oral arguments of counsel, the Court rules as follows:

1. For purposes of clarity, "Exhibit A" is attached to this Order.
2. The Court shall pursue a phased approach in addressing the parties' disputes concerning these third party vendor subpoenas. For the first phase ("Phase I") the Court limits the scope of the subpoenas as specified in this Order, but may reconsider its ruling as referenced below at a later date. The Court may

---

[1] On January 24, 2014, the Wells Fargo Defendants filed a partial joinder to the Joint Letter Brief, joining in Sections 1 and 2 of the Joint Letter Brief.

Case No. 4:12-cv-03897-YGR
ORDER RE: THIRD PARTY VENDOR SUBPOENAS SERVED BY PLAINTIFFS

hold another hearing after Phase I, and may implement a "Phase II" relating to the third party vendor subpoenas.

3. Request Nos. 1, 5, 6, 7, 8, 9, 10, 11 and 14 shall be complied with as drafted, using the RELEVANT TIME PERIOD as defined in the subpoenas, and without any limitation concerning the type of default-related service. To address issues of privacy, any production pursuant to the requests for "EXEMPLARY SAMPLING" shall be produced subject to redactions of non-public, private, and identifying information of the borrowers.

4. During this initial phase, Request Nos. 2, 3, and 4 shall be limited to documents pertaining to broker's price opinions, appraisals and property inspections only, using the RELEVANT TIME PERIOD as defined in the subpoenas. The phrase "default-related services" is stricken from Requests Nos. 2, 3, and 4 during this phase. If a document produced in response to these requests mentions multiple default-related services, however, it must be produced in its entirety without redaction. The Court may reconsider its ruling on these requests at a later date.

5. Request Nos. 12 and 13 are overbroad as drafted and, therefore, the subpoenaed parties are not required at this time to produce any documents in response during this phase.

6. With respect to Section IV of the Joint Letter Brief concerning Defendants' communications with the Subpoenaed Third Parties, the Court refers the resolution of this issue to a magistrate judge who will be assigned to this case.

7. Plaintiffs shall, if they have not already done so, serve an interrogatory on each of the Defendants in the related actions, asking them to identify all default-related services for which borrowers' accounts are charged by Defendants. Defendants shall fully respond to that interrogatory.

8. Once Defendants have fully responded to the interrogatory referenced in paragraph 7 above and the Subpoenaed Third Parties have produced all documents consistent with the Court's Order above, the parties **shall meet and confer and determine whether further Court intervention is required.**

**IT IS SO ORDERED.**

Dated: January 29, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE