1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DIANA ELLIS,** *et al.*, | Case No.: 12-cv-03897- YGR |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' REQUEST TO** |
| vs. | **FILE RENEWED MOTION FOR CLASS** |
| | **CERTIFICATION** |
| **J.P. MORGAN CHASE & CO.,** *et al.*, | |
| Defendants. | |

On December 17, 2015 the Court denied Plaintiffs'[1] motion for class certification, finding Plaintiffs failed to make a threshold showing of commonality under Rule 23(a)(2). (Dkt. No. 224.) Plaintiffs now request the Court allow them leave to file a renewed motion for class certification as set forth by Plaintiffs in the parties' updated joint case management statement (Dkt. No. 229) and orally on the record at the January 25, 2016 case management conference (Dkt. No. 235). Defendants, naturally, oppose. (*See* Dkt. Nos. 229, 235.)

The decision whether to grant Plaintiffs leave is within the sound discretion of the Court. *Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 4329009, at \*4 (N.D.Cal. Sept. 21, 2012) ("district courts have ample discretion to consider (or decline to consider) a revised class certification motion after an initial denial") (internal quotations omitted). "Repeat motions for class certification are not routinely allowed." *Lanovaz v. Twinings North America, Inc.*, 2014 WL 7204757, at \*1 (N.D.Cal. Dec. 17, 2014) (alterations to capitalization). The Court has reviewed the pleadings and record in this matter and finds that granting Plaintiffs' request would not be appropriate under the circumstances. Plaintiffs have provided no justification for their belated

_____

[1] All terms shall have the same meaning as defined in the Court's order denying class certification. (Dkt. No. 224.)

attempt to seek certification of narrower classes to proceed on refashioned theories of liability. Rather, the only changed circumstance is that Plaintiffs now have the benefit of the Court's order denying their earlier motion.  Plaintiffs could have raised this alternative class definition in their original motion, but instead chose to seek certification of a much broader class based on a blanket theory of wrongdoing.  Indeed, Plaintiffs' claims have transformed repeatedly and significantly since the initial complaint was filed.  Notwithstanding the foregoing, the Court has considered the proffer in light of the evidence previously submitted and finds the request futile.  Thus, the Court declines to provide yet another opportunity for Plaintiffs to litigate the latest incarnation of the theory of their case.  Plaintiffs' request is **DENIED**.

In light of the Court's ruling, the parties shall meet and confer with respect to Defendants' request to file a motion for summary judgment.  The parties shall file a stipulated briefing schedule on Defendants' proposed motion no later than **February 16, 2016**.

**IT IS SO ORDERED**.

Dated: February 9, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**