

DALLAS   |   AUSTIN   |   LOS ANGELES   |   BATON ROUGE

800.887.6989  
818.839.2333  
fax 818.986.9698

Encino Plaza  
15910 Ventura Blvd.  
Suite 1600  
Encino, CA  91436

**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**

March 15, 2016

<u>**Via ECF**</u>

The Honorable Yvonne Gonzalez Rogers  
U.S. District Court for the Northern District of California  
Oakland Courthouse  
Courtroom 1, 4th Floor  
1301 Clay Street  
Oakland, California 94612-5212

Re:   *Ellis, et al. v. J.P. Morgan Chase, et al.*  
       USDC, Northern District of California Case No. 4:12-cv-03897-YGR

Your Honor:

As you are aware, we represent the Plaintiffs in the above-captioned actions.  We write concerning Plaintiffs' intention to move for the recovery of attorneys' fees under California Civil Code section 1021.5, which provides for the award of fees under the catalyst theory.  Under the catalyst theory, the Court may award fees "to a 'successful party' in any action that 'has resulted in the enforcement of an important right affecting the public interest.'"  *Graham v. DaimerChrysler Corp.,* 34 Cal.4th 553, 565 (2004).  Although Your Honor's standing order does not appear to pertain to these motions, Chase insisted that we request a pre-filing conference with the Court.  Therefore, to avoid an unnecessary dispute, we request that a pre-filing conference to discuss this motion be held at the earliest opportunity convenient to the Court's calendar or, if the Court is so inclined, grant Plaintiffs leave to file the motion without a pre-filing conference.

**<u>Plaintiffs Are Entitled to an Award of Attorneys' Fees under the Catalyst Theory</u>**

Catalyst motions are routinely granted in consumer protection cases where, as here, a defendant voluntarily changes its allegedly unlawful conduct as a result of the lawsuit.  Notably, in *MacDonald v. Ford Motor Co.*, 2015 WL 6745408 (N.D. Cal. Nov. 2, 2015), the Honorable Jon S. Tigar recently granted plaintiffs' catalyst fee motion on based on his finding that the lawsuit achieved the primary injunctive relief sought.  There, setting forth the legal standard for this type of motion, Judge Tigar explained that, "[t]o be entitled to an award of attorneys' fees under section 1021.5, a plaintiff need not obtain a court-ordered change in the defendant's behavior; *it is enough when a plaintiff's action motivates the defendant to provide the primary relief sought.*"[1]  *Id.* at *3.

---

[1] All emphasis added unless otherwise indicated.



Hon. Yvonne Gonzalez Rogers
March 15, 2016
Page 2

In general, "California law has a broad, pragmatic view of what constitutes a 'successful party' within the meaning of section 1021.5." *Id.* Under this pragmatic approach, "[a] favorable final judgment is not necessary," and instead, "Plaintiffs may be considered successful if they succeed on ***any significant issue in the litigation that achieves some of the benefit they sought in bringing suit.***" *Id.* In other words, as long as a plaintiff's lawsuit was a material factor or contributed in a significant way to the result achieved, attorney fees are available under Section 1021.5. *Id.* (quoting *Ebbetts Pass Forest Watch v. Cal. Dep't of Forestry & Fire Prot.,* 187 Cal.App.4th 376, 381-382 (2010)).

Here, it will be shown that Plaintiffs' lawsuit was the catalyst motivating Chase to change their property inspection fee protocols to conform with investor guidelines and the governing mortgage documents. ███████████████████████████████████████████████████████████████ As a result, Plaintiffs' lawsuits against Chase indisputably conferred a significant benefit on the general public.

Plaintiffs' lawsuit against Chase challenges the bank's practice of using a loan servicing system to churn out property inspections, and then, unlawfully charge borrowers for them, without the requisite regard for whether the individual circumstances warrant such inspections. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

There is little doubt that these significant changes, which finally brought Chase's written policies in conformity with the governing mortgage documents and GSE requirements (in place since 2004), were induced by Plaintiffs' lawsuit. Specifically, Chase's policy changes line up with the allegations asserted by Plaintiffs that only property inspection fees which were ***reasonable or appropriate*** to protect the lender's interest in the property may be charged to borrowers, as well as Plaintiffs' claim that Chase's written policies did not comply with Section 203.04 of Fannie Mae's loan servicing guidelines (prohibiting loan servicers from charging delinquent borrowers for multiple property inspections absent circumstances warranting multiple inspections). Until this lawsuit was filed, Chase's written policies were at odds with investor guidelines and the governing mortgage documents.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████



Hon. Yvonne Gonzalez Rogers
March 15, 2016
Page 3

    Based on these and other facts that will be raised in Plaintiffs' motion, Plaintiffs are entitled to the recovery of attorney fees under the catalyst theory in this case. Therefore, Plaintiffs respectfully request the Court to permit them to move the Court for the recovery of attorney fees pursuant to California Civil Code section 1021.5.

    Plaintiffs note that during the meet and confer discussions with counsel that preceded the filing of this letter, Chase asserted that Plaintiffs' motion is premature. In particular, Chase argued that Plaintiffs may seek fees at other points in the case, and, therefore, this motion should not be filed until after all such opportunities to seek fees have passed. But, that argument is based on pure speculation. It is uncertain whether Plaintiffs will be entitled to fees based on any other theory at some unspecified future date, and if so, whether Plaintiffs will seek such fees. What is certain is that, for the aforementioned reasons, Plaintiffs are entitled to fees under the catalyst theory. Moreover, if the Court awards Plaintiffs fees under the catalyst theory, those fees will not be duplicative of fees Plaintiffs potentially could be entitled to in the future -- Plaintiffs would never attempt to obtain a double-recovery, as Chase appears to suggest.

    Therefore, Plaintiffs request that a pre-filing conference to discuss this motion be held at the earliest opportunity convenient to the Court's calendar. If, on the other hand, the Court deems a pre-filing conference unnecessary, Plaintiffs respectfully request leave to file a regularly noticed motion seeking fees under a catalyst theory.

Very truly yours,

*/s/ Daniel Alberstone*

Daniel Alberstone

BARON & BUDD, P.C.
Daniel Alberstone
Roland Tellis
Mark Pifko
Michael Isaac Miller
15910 Ventura Boulevard, Suite 1600
Encino, California 91436

Attorneys for Plaintiffs

cc:    All counsel of record (via ECF)